IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TREY L. SCHULZ,

    **Plaintiff,**

    v.                      CASE NO. 23-3021-JWL

WILLIAM WONDRA, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983. Plaintiff is in pretrial detention at the Sedgwick County Jail in Wichita, Kansas ("SCJ"). The Court provisionally granted Plaintiff's motion for leave to proceed in forma pauperis and directed Plaintiff to provide his financial information by February 23, 2023, as set forth in this Court's Notice of Deficiency at Doc. 3. Plaintiff has failed to submit the financial information.

On February 16, 2023, the Court entered a Memorandum and Order to Show Cause (Doc. 4) ("MOSC"), granting Plaintiff until March 15, 2023, in which to show good cause why his Complaint should not be dismissed for the reasons set forth in the MOSC. Plaintiff has failed to respond by the Court's deadline.

The Court found in the MOSC that Plaintiff raised these same claims in a prior case. *See Schulz v. Nicholson*, Case No. 21-3159-JWL. The Tenth Circuit recently clarified that under the deliberate indifference analysis, "merely doing *something* (with no reference to the underlying condition) does not necessarily insulate one from liability." *Lucas v. Turn Key Health Clinics, LLC*, 58 F.4th 1127, 1139 (10th Cir. 2023). "Instead, a court may need to determine whether there was the functional equivalent of a complete denial of care in light of the specific circumstances." *Id.* (citations omitted). In the MOSC, the Court found that staff at the SCJ did

1

more than "something" and provided care that was more than the functional equivalent of a complete denial of care in this case. Plaintiff was prescribed blood pressure medications, he was given two EKGs, his vitals were monitored for three days and then once a week for five weeks, and he had bloodwork done and analyzed. Plaintiff failed to indicate what further medical care he sought or what additional care he claims he should have been provided.

The Court found in the MOSC that Plaintiff's apparent disagreement over his course of treatment does not rise to the level of a constitutional violation. *Gee v. Pacheco*, 627 F.3d 1178, 1192 (10th Cir. 2010). Plaintiff failed to show that the officials were both aware of facts from which the inference could be drawn that a substantial risk of serious harm existed, and that they also drew the inference. Plaintiff also failed to set forth any individual's direct personal participation in the alleged denial of medical care.

The Court ordered Plaintiff to show good cause why this action should not be dismissed for the reasons set forth in the MOSC in this case, and in the MOSC and dismissal order in his prior case. Plaintiff has failed to respond by the Court's deadline and has failed to show good cause why his Complaint should not be dismissed for failure to state a claim.

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is **dismissed** for failure to state a claim.

**IT IS SO ORDERED**.

Dated March 22, 2023, in Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
UNITED STATES DISTRICT JUDGE